UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT E. RICH,<br>　　　　Plaintiff,<br>　　v.<br>GREGORY J. AHERN,<br>　　　　Defendant. | Case No. 18-cv-06267-EMC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Docket No. 1 |

## I.　INTRODUCTION

Albert E. Rich, a prisoner currently housed at the California State Prison – Los Angeles County, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## II.　BACKGROUND

The complaint alleges the following: On May 7, 2018, Mr. Rich was riding in the back of a van operated by the Alameda County Sheriff's Department. While travelling at about 35-45 miles per hour en route to the courthouse, the van was hit in the rear by a car. Mr. Rich hit his head and his "body was thrown against the inside of the cage" in which he was housed in van. Docket No. 1 at 3. As a result of the incident, he has sharp pains to his leg and back. Mr. Rich contends that Sheriff Ahern is liable for Mr. Rich's injuries because Mr. Rich is under the care of Sheriff Ahern.

## III.　DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28

U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). Even if § 1915A(a) screening is not called for because relief is not sought from a governmental entity, officer or employee, the court may review a complaint filed *in forma pauperis* to fulfill its duty under 28 U.S.C. § 1915(e)(2) to dismiss the case if it is frivolous or malicious or fails to state a claim on which relief may be granted. *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Federal courts are courts of limited jurisdiction. As relevant here, the court only has jurisdiction to entertain this action if it raises a federal question, such as a civil rights claim asserted under 42 U.S.C. § 1983. (There are other federal statutes that grant other bases of federal court jurisdiction, but none are applicable to this action.) In simple terms, this action can go forward in federal court if a claim is stated under § 1983; if the complaint does not state a claim under § 1983, the plaintiff should pursue his claim in state court.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's health or safety needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). A defendant violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is,

2

subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Negligence, or even gross negligence, does not violate the Eighth Amendment. *See Toguchi*, 391 F.3d at 1060-61; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).

The first problem with Mr. Rich's complaint concerns the mental state of deliberate indifference required for an Eighth Amendment claim.[1] A defendant is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer,* 511 U.S. at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If the defendant should have been aware of the risk, but was not, then he has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). The complaint fails to allege facts sufficient to state a claim that any defendant acted with deliberate indifference to Mr. Rich's health and safety needs. The complaint suggests this was a car accident caused by a third party, rather than for example, the bus driver purposely causing the bus to crash. The facts alleged suggest potential negligence, but there are no facts alleged that plausibly suggest deliberate indifference. Mr. Rich also does not allege facts to plausibly suggest that any defendant actually knew that transporting him in the van in the manner that he was transported presented a substantial risk to his health or safety, and nonetheless chose to transport him in the manner he was transported. Leave to amend is granted so that Mr. Rich may file an amended complaint that proffers enough facts to state a claim to relief for an Eighth Amendment violation that is plausible on its face.

The second problem with the complaint concerns the defendant(s). The only named defendant is Gregory Ahern, the Sheriff of Alameda County, who allegedly is responsible for Mr.

---

[1] Based on information in the *in forma pauperis* application that Mr. Rich was in San Quentin State Prison by July 2018, the Court has assumed that Mr. Rich had been convicted before the incident occurred. If Mr. Rich was a pretrial detainee at the time of the incident, he should allege that fact in his amended complaint because the constitutional basis for his claim would be different. That is, a pretrial detainee's claim is covered by the Fourteenth Amendment rather than the Eighth Amendment.

3

Rich's care. Mr. Rich does not allege that Sheriff Ahern actually drove the bus, and apparently means that Sheriff Ahern was responsible for all the inmates in the jail. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, the mere fact that the alleged individual wrongdoer was employed by Sheriff Ahern is not a sufficient basis on which to hold Sheriff Ahern liable.

If Mr. Rich wants to pursue Sheriff Ahern, or add defendants, he must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

## IV. CONCLUSION

The complaint fails to state a § 1983 claim upon which relief may be granted. Leave to amend is granted so that Plaintiff may attempt to allege the violation of his constitutional rights in an amended complaint. The amended complaint must be filed no later than **February 11, 2019**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for

///

///

4

any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action without prejudice to plaintiff pursuing his state law claims in state court.

**IT IS SO ORDERED**.

Dated: January 11, 2019

_____
EDWARD M. CHEN
United States District Judge