UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT E. RICH,<br>    Plaintiff,<br>v.<br>GREGORY J. AHERN,<br>    Defendant. | Case No. 18-cv-06267-EMC<br><br>**ORDER OF DISMISSAL**<br>Docket No. 14 |

## I.     INTRODUCTION

Albert E. Rich, an inmate at San Quentin State Prison, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. §§ 1983. The Court dismissed the complaint with leave to amend. Mr. Rich's amended complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.     BACKGROUND

Mr. Rich alleges in his amended complaint that, on May 7, 2018, he was in a vehicle accident while in the custody of the Alameda County Sheriff on his way to a court appearance. On that day, Mr. Rich allegedly was riding in a jail van that "did not have seatbelts" and was being driven by John Doe, an Alameda County Sheriff's Deputy. Docket No. 14 at 3. Mr. Rich alleges that the jail van was travelling at about 35-45 miles per hour, when it "was hit in the back" by another car. *Id.* As a result of the collision, Mr. Rich allegedly hit his head and was thrown against the inside of the holding cage in which he was located, causing him headaches and pain in his legs and back. Mr. Rich states that he was a pretrial detainee at the time of the accident.

## III.     DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28

U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal courts are courts of limited jurisdiction. As relevant here, the court only has jurisdiction to entertain this action if it raises a federal question, such as a civil rights claim asserted under 42 U.S.C. § 1983. (There are other federal statutes that grant other bases of federal court jurisdiction, but none are applicable to this action.) In simple terms, this action can go forward in federal court if a claim is stated under § 1983; if the amended complaint does not state a claim under § 1983, but seeks recovery under, *e.g.*, state tort law, the plaintiff should pursue his claims in state court.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish,* 441 U.S. 520, 535 & n.16 (1979). Jail officials may be liable under the Fourteenth Amendment for failure to protect a pretrial detainee from a substantial risk to his health or safety. To state a claim that an official failed to protect a pretrial detainee, a plaintiff must allege facts showing these elements:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), *cert. denied,* 137

S. Ct. 831 (2017).

No binding case from the Ninth Circuit has addressed whether a deliberate indifference claim exists against a guard who has failed to secure an inmate in a seatbelt during transport particularly in the absence of any fact that would establish a high degree of risk. *Cf. Ford v. Fletes*, 2000 WL 249124, *1 (9th Cir. 2000) (unpublished) (leave to amend should have been granted so that plaintiff, who was handcuffed without a seatbelt *and* landed on his head when he fell out of a vehicle without doors, could attempt to allege facts showing deliberate indifference to his safety). Numerous other courts have, held that merely being transported in a motor vehicle without seatbelts absent other facts establishing an elevated risk, does not rise to the level of a constitutional violation. *See, e.g., Jabbar v. Fischer*, 683 F.3d 54, 56 (2d Cir. 2012) (district court properly dismissed action by inmate in shackles in bus without seatbelts who was thrown from his seat when bus made a forceful turn; "the failure of prison officials to provide seatbelts to prison inmates does not, standing alone, violate the Eighth or Fourteenth Amendments."); *see also id.* at 57 (collecting cases); *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999) (summary judgment properly granted to municipal defendants on Fourteenth Amendment claim by pretrial detainee who was forced to ride on a steel bench in a van without seatbelt and eventually was thrown forward and suffered paralysis; "we do not think that the Board's purchase of patrol wagons without safety restraints nor its manner of transporting individuals in these wagons . . . obviously presented a 'substantial risk of serious harm'"); *Carrasquillo v. City of New York*, 324 F. Supp. 2d 428, 437 (S.D. N.Y. 2004) (failure to put seatbelt on inmate "does not, of itself, expose an inmate to risks of constitutional dimension' because the 'eventuality of an accident is not hastened or avoided by whether an inmate is seatbelted'"); *Simon v. Clements*, 2016 WL 8729781, *1 (C.D. Cal. 2016)("The law is clear that inmates who are transported by correctional officers do not have a constitutional right to the use of seat belts').[1]

When, however, there also are allegations which show a high degree of risk, such as reckless driving by the operator of the correctional vehicle, a claim might be stated. *See, e.g.,*

---

[1] The Court notes that many modes of public transportation reach relatively comparable speeds, but do not have seatbelts.

3

*Brown v. Fortner*, 518 F.3d 552, 559-60 (8th Cir. 2008) (triable issues precluded summary judgment for defendants where plaintiff was shackled and unable to fasten seatbelt, and driver drove recklessly and ignored requests by inmate-passengers to slow down before one jail van slammed into another jail vehicle); *Rogers v. Boatright*, 709 F.3d 403, 406-09 (5th Cir. 2013) (claim stated where inmate not allowed a seatbelt and guard allegedly was "driving the van recklessly, darting in and out of traffic at high speeds" and had to "break hard to avoid hitting a vehicle," which caused inmate to be thrown head-first into the side of the holding cage).

Here, even with liberal construction, the amended complaint fails to state a claim upon which relief may be granted. The amended complaint, like the original complaint the Court earlier determined was deficient, alleges that Mr. Rich was not secured in a seatbelt, but does not allege any reckless driving by the operator of the van in which he was riding. Nor does the complaint allege any other fact such as, *e.g.*, prior accidents resulting in injury of unbelted inmates, showing a high degree of risk sufficient to state a constitutional claim. The amended complaint indicates that this was a car accident caused by a third party, not, *e.g.*, by reckless driving of the van driver. Merely transporting Mr. Rich in a van without seatbelts does not establish that Mr. Rich was "at substantial risk of suffering serious harm," or that "a reasonable officer in the circumstances would have appreciated the high degree of risk involved." *Castro*, 833 F.3d at 1071.

This action therefore is dismissed for failure to state a claim under § 1983. Dismissal is with prejudice as Plaintiff has had a previous opportunity to amend. Dismissal of this action is without prejudice to Mr. Rich filing an action in state court if he wishes to pursue state law claims for relief, such as a claim for negligence.

///
///
///
///
///
///

4

## IV. CONCLUSION

This action is **DISMISSED** for failure to state a claim upon which relief may be granted. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: July 1, 2019

_____
EDWARD M. CHEN
United States District Judge

5